JOHN E. BUTLER et al. *v.* JOSEPH H. BENTON.

JUDGMENT NOT ERRONEOUS BECAUSE EXPRESSED IN UNSKILLFUL LAN-
GUAGE.—The unskillful use of language and tautology in an effort to conform
to law, in the entry of a judgment on a verdict in replevin, where there is a
substantial compliance with the statute, requiring a nice criticism upon the
language employed to pronounce it erroneous, will not render a judgment
erroneous.

.ERROR to the circuit court of Copiah county.   MILL-
SAPS, J.

The features of this case are plainly presented by the
opinion of the court.

*H. B. Mayes*, for plaintiffs in error.

1st. The judgment awards *distringas* and execution for
the property, and the alternate value thereof, and a sepa-
rate execution for damages and costs, which is not author-
ized by the statute.   2d. Said judgment is informal.   Citing
Rev. Code, 1857, p. 396, arts. 5 and 7.

*Geo. L. Potter*, for defendant in error.

The supposed error in the judgment does not exist.   The
judgment follows the verdict in being put in the alternative.
The last award of process is surplusage.

TARBELL, J. :

. Joseph H. Benton and David W. Simmons sued out a
writ of replevin to recover the possession of two bales of
cotton, ginned and packed, and 6,000 pounds seed cotton,
said to be wrongfully detained by John E. Butler.   The
sheriff valued the property at $300.   Butler gave a forth-
coming bond, with sufficient security, and retained the cotton.
Judgment was rendered for the plaintiff in replevin by
default, and there was a writ of inquiry.   The jury found
that the two bales of cotton were worth $120, the seed cot-
ton $180, and assessed the damages for the detention at $20.
Upon this verdict the following judgment was rendered :

" It is, therefore, considered by the court that the plaintiffs have and recover of said defendant, John E. Butler, and the said M. T. Newton and W. H. Matthews, the sureties upon the replevin bond of the said defendant, the said two bales of cotton, ginned and packed, if to be had, and if not to be had, the said sum of $120, the value of the same, as assessed by the jury aforesaid, and, also, the said 3,600 pounds of seed cotton, if to be had, and, if not to be had, the said sum of $180, the value of the same as assessed by the jury as aforesaid, and, also, the said sum of $20 damages for the detention of said cotton, assessed as aforesaid by the jury aforesaid, and, also, the costs in this behalf expended to be taxed ; for which said cotton and the alternate value thereof *distringas* and execution may issue, and for said damages and costs execution may issue." Judgment and execution in this case are governed by arts. 5 and 7, Code of 1857, p. 396. The judgment, in this instance, does not exhibit a skillful use of language, but there can be no difficulty on process to enforce it. There are some repetitions in the closing lines of the judgment, but they are controlled and explained by what precedes them and by the statute.

So much of art. 7, above, as is applicable is as follows : * * * "if the property be in possession of the losing party, the execution shall command the sheriff to take the property in controversy, if the same may be had, and deliver the same to the successful party, and, if not to be had, that he make the value thereof, together with the damages and costs, of the goods and chattels, lands and tenements of the party and his sureties, against whom the judgment is rendered ; or the successful party may have his *distringas* to compel the delivery of the property, together with a *fieri facias* for the damages and costs."

The clerk would be authorized to issue only the process authorized by this statute, and, if he should issue executions not so authorized, they would be illegal, and the party would have his remedy. To hold the judgment in this case erroneous demands too nice a criticism upon the language

employed, and, beside, it is evidently not intended to give, in the judgment, more or other writs than the law allows. We can see in the judgment only an unskillful use of words, in an effort to conform to the statute, and, if there is an unnecessary tautology, we discover no other error, nor any harm to grow out of it.

*The judgment is affirmed.*